UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HOWARD,

        Petitioner,        Case Number: 2:09-CV-14241

v.        HON. NANCY G. EDMUNDS

NICK LUDWICK,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner James Howard has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. In the petition, Petitioner challenges his conviction for unarmed robbery for which he is serving 5 years, 9 months to 15 years in prison. He claims that the trial court failed to establish a factual basis for acceptance of his plea, improperly considered a dismissed count of fleeing and eluding when scoring the guidelines, and sentenced him based upon inaccurate information. For the reasons set forth below, the Court denies the petition and denies a certificate of appealability.

**I.**

Petitioner pleaded guilty in Lenawee County Circuit Court to unarmed robbery. On July 23, 2007, he was sentenced to 5 years, 9 months to 15 years' in prison.

Petitioner filed an application for leave to appeal in the Michigan Court of

Appeals, raising these claims:

> I. Mr. Howard was deprived of his Ams. V and XIV rights of due process when the Court failed to establish the requisite factual foundation for acceptance of the no contest plea.
>
> II. Mr. Howard was deprived of his Ams. V and XIV rights of due process when his guidelines were erroneously scored as to the PRVs and OV 19.
>
> III. Mr. Howard was deprived of his Ams. V and XIV right of due process when he was not credited with jail time.
>
> IV. Mr. Howard was deprived his Ams. V and XIV rights of due process where the probation agent failed to disclose certain information to the parole agent.

Petitioner filed a *pro per* supplemental brief, raising the following additional claim:

> Defendant Howard was deprived of his Fifth, Sixth, and Fourteenth Amendment due process when the probation agent scored 10 points under OV 19 which increased and went outside the agreed guideline range thereby violating the terms of plea agreement to dismiss a fleeing and eluding that was never admitted or proved beyond a reasonable doubt.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Howard*, No. 284056 (Mich. Ct. App. Apr. 28, 2009).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. He raised the following claims:

> I. Defendant-appellant Howard is entitled to reversal and remand for re-sentencing or an evidentiary hearing where the court of appeals not only erred in misinterpreting M.C.L. 771.14, but also failed to squarely address Defendant's pro per supplemental brief that was presented separately from appellate counsel's abandoned issue.
>
> II. Defendant-appellant Howard was deprived of his Sixth Amendment right to

      the effective assistance of appellate counsel and meaningful appeal of right.

  III.    Defendant-appellant Howard is entitled to relief on the issues incorporated and attached hereto in appellate counsel's court of appeals brief and Defendant's.

The Michigan Supreme Court denied leave to appeal. *People v. Howard*, 485 Mich. 898 (Mich. 2009).

Petitioner then filed the pending petition for a writ of habeas corpus. He raises these claims:

  I.    The plea-taking court failed to establish a factual basis for acceptance of the plea.

  II.    The use of the dismissed fleeing and eluding to score the guidelines and increase sentence breached terms of plea.

  III.    Due process violated when the probation agent failed to include within the PSIR or inform counsel and the judge of an *ex parte* sentence recommendation provided by Petitioner's parole officer.

## II.

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in

4

the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th

5

Cir. 1998).

### III.

### A.

Petitioner first argues that habeas relief should be granted because an insufficient factual basis was established for his guilty plea.

"'[T]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" *U.S. v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1992) (*quoting Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975)); *see also Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010). Thus, a state trial judge's failure to conduct an on-the-record inquiry into the factual basis of a plea does not serve as a basis for federal habeas corpus relief. *McGlocklin*, 8 F.3d at 1047. Petitioner, therefore, is not entitled to habeas corpus relief because this claim is not cognizable on federal habeas corpus review.

### B.

Petitioner next argues for habeas relief because the terms of the plea agreement were violated when ten points were scored for offense variable 19 based upon the dismissed fleeing and eluding charge.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A]

Cir. 1998).

### III.

### A.

Petitioner first argues that habeas relief should be granted because an insufficient factual basis was established for his guilty plea.

"'[T]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" *U.S. v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1992) (*quoting Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975)); *see also Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010). Thus, a state trial judge's failure to conduct an on-the-record inquiry into the factual basis of a plea does not serve as a basis for federal habeas corpus relief. *McGlocklin*, 8 F.3d at 1047. Petitioner, therefore, is not entitled to habeas corpus relief because this claim is not cognizable on federal habeas corpus review.

### B.

Petitioner next argues for habeas relief because the terms of the plea agreement were violated when ten points were scored for offense variable 19 based upon the dismissed fleeing and eluding charge.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A]

state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(same); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (same).

Petitioner additionally argues that habeas relief should be granted on this claim because the Michigan Supreme Court recently held that a prosecutor cannot use a dismissed fleeing and eluding charge to enhance a sentence. This claim also relies upon an interpretation of state court law, which is not cognizable on habeas review.

Habeas corpus relief is not available for this claim.

## C.

Finally, Petitioner argues that his right to due process was violated because in his initial interview with a probation agent Petitioner was told that the agent would recommend a sentence at the low to middle end of the guidelines. When Petitioner received the pre-sentence information report, it recommended a sentence at the high end of the guidelines. The probation agent explained to Petitioner that his parole officer had recommended a sentence of seven years because the parole officer did not believe Petitioner's version of the offense.

The Michigan Court of Appeals held that the record did not support Petitioner's allegation. *Howard*, slip op. at 2. Moreover, the state court held that Mich. Comp. Laws § 774.14 did not require disclosure of a parole officer's statements to a parole agent. *Id.* The statute required only that the parties be permitted to review the pre-sentence investigation report prior to sentencing and the opportunity to correct any errors. *Id.*

To the extent that Petitioner alleges a violation of Mich. Comp. Laws § 774.14, this claim is not cognizable because an alleged violation of state law is not a basis for habeas corpus relief. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Additionally, Petitioner's claim that his due process rights were violated is meritless. He claims that his sentence was based upon inaccurate information because the trial court was never informed of the parole agent's recommendation. A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736 (1948). A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988).

There is no indication that the probation officer relied on the parole officer's

recommendation in determining the recommendation submitted to the court.  Nor is there any evidence that any of the information relied upon by the state court was inaccurate. Petitioner's claim of inaccurate information falls far short of the egregious circumstances implicating due process.  Habeas relief is not warranted on this claim.

### IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).  In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the Court will deny a certificate of appealability.

### V.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Peremptory Reversal [dkt. # 20] is **DENIED.**

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: March 9, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 9, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager